J-S46025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA :  IN THE SUPERIOR COURT OF
:           PENNSYLVANIA
:
v. :
:
:
:
DONNELL ROBINSON :
:
Appellant :  No. 3805 EDA 2017

Appeal from the PCRA Order November 3, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0804641-1999

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY SHOGAN, J.:         **FILED AUGUST 28, 2018**

Appellant, Donnell Robinson, appeals from the order denying his third petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

From September of 1998, until May of 1999, Appellant committed a series of gunpoint robberies at various Philadelphia supermarkets, convenience stores, and fast food locations.  Appellant pled guilty to twenty-four counts of robbery graded as first-degree felonies, 18 Pa.C.S. § 3701(a)(1)(ii), two counts of robbery graded as felonies of the third degree, 18 Pa.C.S. § 3701(a)(1)(iv), and twenty-two counts of possession of an instrument of crime, 18 Pa.C.S. § 907, on October 19 and 21, 1999.  On November 15, 1999, the trial court sentenced Appellant to an aggregate term

of imprisonment of twenty-five to fifty years. Appellant did not file a direct appeal.

On April 3, 2001, Appellant filed a *pro se* PCRA petition, claiming*, inter alia*, that plea counsel was ineffective for failing to file a direct appeal. Following the appointment of counsel, and by order dated October 18, 2002, the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc*. Counsel filed the appeal, and this Court affirmed the judgment of sentence. ***Commonwealth v. Robinson***, 850 A.2d 13, 3553 EDA 2002 (Pa. Super. filed March 23, 2004) (unpublished memorandum). Our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Robinson***, 864 A.2d 529, 181 EAL 2004 (Pa. filed December 1, 2004).

Two weeks later on December 14, 2004, Appellant filed a second *pro se* PCRA petition. Because his first petition resulted in the restoration of his direct appeal rights, however, the petition properly was treated as his first petition. ***See Commonwealth v. Turner***, 73 A.3d 1283, 1286 (Pa. Super. 2013) ("[W]hen a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes."). Following the appointment of counsel, who filed an amended petition, the PCRA court dismissed the petition on April 21, 2006. This Court affirmed the dismissal, and the Pennsylvania Supreme Court denied further review. ***Commonwealth v. Robinson***, 919 A.2d 975, 1206 EDA 2006 (Pa. Super. filed April 21, 2006) (unpublished

memorandum), *appeal denied*, 934 A.2d 73, 53 EAL 2007 (Pa. filed October 18, 2007).

On December 13, 2007, Appellant filed a petition for writ of *habeas corpus* in federal court. The district court dismissed the petition without a hearing on November 29, 2010. **Robinson v. Tennis**, 2010 WL 4840419 (E.D.Pa. 2010).

Meanwhile, Appellant filed a second PCRA petition, *pro se*, on March 4, 2009. The PCRA court dismissed the petition as untimely, and our Supreme Court denied Appellant's petition for allowance of appeal on June 19, 2013. **Commonwealth v. Robinson**, 64 A.3d 32, 1048 EDA 2012 (Pa. Super. filed December 21, 2012) (unpublished memorandum), *appeal denied*, 69 A.3d 243, 64 EAL 2013 (Pa. filed June 19, 2013).

Appellant filed the instant *pro se* PCRA petition titled, "Motion for Extraordinary Relief from Imposition of Maddatory [sic] Minimum Sentences Under 42 Pa.C.S.A. § 9712.1," on July 16, 2015. Appellant asserted that his mandatory minimum sentence was illegal under **Alleyne v. United States**, 570 U.S. 99 (2013), and **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014). PCRA petition, 7/16/15, at 3. Appellant filed a supplemental PCRA petition on June 16, 2016. The PCRA court issued notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the petition on untimeliness grounds. Appellant filed a *pro se* response on September 13, 2017. The PCRA court dismissed the petition as untimely on November 3, 2017. Appellant filed a

timely notice of appeal. The PCRA court did not order Appellant to file a concise statement of matters complained of on appeal. The court filed a brief Pa.R.A.P. 1925(a) "opinion."

Appellant raises the following issue on appeal: "1. Is the Appellant's mandatory minimum sentence illegal, as the mandatory minimum statute that he was sentenced under has been found to be facially unconstitutional and void?" Appellant's Brief at 4 (unnecessary capitalization omitted).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

In order to be considered timely, a first, or any subsequent PCRA petition, must be filed within one year of the date the petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). The PCRA's time-for-filing requirements are mandatory and jurisdictional in nature, and a court may not ignore them in order to reach the merits of the petition. ***Robinson***,

- 4 -

139 A.3d at 185. For purposes of the PCRA, a judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

As noted *supra*, when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, as here, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes. **Turner**, 73 A.3d at 1286. In effect, the time for filing a PCRA petition is "restarted." **Id**. Here, we affirmed Appellant's judgment of sentence in his *nunc pro tunc* appeal on March 23, 2004, and the Pennsylvania Supreme Court denied further review on December 1, 2004. **Robinson**, 3553 EDA 2002 (unpublished memorandum), *appeal denied*, 181 EAL 2004. The time for seeking review in the Supreme Court of the United States expired on March 1, 2005, ninety days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on December 1, 2004. 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. Thus, Appellant's judgment of sentence became final on March 1, 2005, and in order to be timely under the PCRA, Appellant was required to file his PCRA petition on or before March 1, 2006. Because Appellant did not file the instant PCRA petition until July 16, 2015, more than ten years after his judgment of sentence became final, the petition is patently untimely.

If a petitioner does not file a timely PCRA petition, his petition nevertheless may be received under three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1).[1] If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). **Commonwealth v. Carr**, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Appellant attempts to circumvent the timeliness requirements of the PCRA by arguing that they cannot apply to sentences that were later deemed unconstitutional because they are void *ab initio*. Appellant's Brief at 7;

---

[1] The exceptions to the timeliness requirement are:

> (i)　the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii)　the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii)　the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Appellant's Reply Brief at 1–2. Relying on **Welch v. United States**, 136 S.Ct. 1257 (2016), Appellant contends that **Alleyne** announced a substantive rule that has retroactive effect in cases on collateral review. Appellant's Brief at 6, 7.

First, **Welch** is not applicable to this case. Therein, the Supreme Court, considering its prior holding in **Johnson v. United States**, 135 S.Ct. 2551 (2015), that the imposition of an increased sentence under the federal Armed Career Criminal Act's residual clause violated the defendant's due process rights, concluded that **Johnson** announced a new substantive rule that has retroactive effect on cases under collateral review. **Welch** did not address **Alleyne** and its retroactivity.

Further, Appellant's argument fails to acknowledge clear precedent and requires this Court to ignore **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016), which held that **Alleyne** did not announce a substantive rule or a watershed procedural rule and does not apply retroactively on post-conviction collateral review. Finally, we note that this Court refused a similar void *ab initio* argument in **Commonwealth v. Ciccone**, 152 A.3d 1004, 1007–1008 (Pa. Super. 2016) (*en banc*), where we rejected the position "that a mandatory sentencing statute rendered illegal by **Alleyne** is void *ab initio* thereby rendering any sentence imposed thereunder invalid."

Because Appellant failed to plead and prove that one of the enumerated exceptions to the time-bar applied to his case, the PCRA court did not have

subject matter jurisdiction over the instant PCRA petition. Therefore, we affirm the court's November 3, 2017 order dismissing Appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/28/18